IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JAMES SIMPSON, #42565                                                    PETITIONER

versus                                           CIVIL ACTION NO. 2:13-cv-81-KS-MTP

STATE OF MISSISSIPPI                                                     RESPONDENT

<u>ORDER OF DISMISSAL</u>

This matter is before the Court, *sua sponte*, for consideration of dismissal.  Petitioner Simpson is
an inmate of the Mississippi Department of Corrections (MDOC), currently incarcerated in the South
Mississippi Correctional Institution, Leakesville, Mississippi.  He filed this *pro se* petition for habeas
corpus relief pursuant to 28 U.S.C. § 2254, seeking release from incarceration.

Initially, an Order [4] was entered granting Simpson's motion for leave to proceed *in forma
pauperis* and he was directed to file an amended petition to provide specific information.  On May 23,
2013, Simpson filed his Response [5].  Thereafter, an Order was entered giving Simpson notice that a
one-year statute of limitation applies to this case and he was provided an opportunity to file a response
explaining why this petition is not time-barred.  On November 20, 2013, Simpson filed his Response [7].
After reviewing the Petition [1] and Responses [5, 7], in conjunction with the relevant legal authority, the
Court has come to the following conclusions.

I. **Background**

Simpson states that he is currently serving a thirty-three year term of imprisonment for a 1990
criminal conviction.  On November 26, 2002, he received a prison Rule Violation Report (RVR) for
assaulting a corrections officer.  A disciplinary hearing was conducted on December 4, 2002, and
Simpson was found guilty.  The punishment imposed for this guilty finding was "loss of all earned time;
loss of all privileges x 60 days."  *See* Resp. [5-1] at 2.  Simpson maintains that if he would not have lost
this earned time, he would have already been released from incarceration.  He filed this habeas petition, in

which he challenges his disciplinary proceeding and loss of earned time, on or after April 11, 2013.[1]

## II. Analysis

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitation on petitions for writs of habeas corpus:

> (1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court, and made retroactively applicable to cases on collateral review; or
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  A district court may *sua sponte* dismiss a petition as time-barred in a § 2254 proceeding.  *See Day v. McDonough*, 547 U.S. 198, 209 (2006)("In sum, we hold that district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."); *see also Deleon v. Stephens*, No. 11-20500, 2013 WL 5615730, at *1 (5th Cir. Oct. 15, 2013)(affirming district court's *sua sponte* dismissal of § 2254 petition as time-barred when inmate was not given "explicit notice of the limitations issue prior to dismissal").

When a habeas petition is based on an inmate's challenge to a prison disciplinary action, the one-year period begins to run at the conclusion of the disciplinary hearing.  *Kimbrell v. Cockrell*, 311 F.3d 361, 363-64 (5th Cir. 2002)(holding one-year period began to run at conclusion of disciplinary hearing

---

[1]Under the mailbox rule, a prisoner's *pro se* federal habeas petition is deemed filed on the date he delivers the petition to prison officials for mailing to the district court.  *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998).  Thus, Simpson's petition was filed sometime between the date it was signed, April 11, 2013, and the date it was received and filed by the district court, April 16, 2013.

depriving habeas petitioner of good-time credits, as factual predicate of claim was discoverable on that date). The disciplinary hearing challenged in this habeas petition was held on December 4, 2002. Simpson had one year from the date of his hearing, or until December 4, 2003, in which to file for federal habeas relief. However, the limitation period may be tolled during the "timely pendency of prison grievance procedures." *Id.* at 364.

In order to obtain more information and determine applicability of the tolling provision for prison grievance procedures, the Order granting Simpson's motion for leave to proceed *in forma pauperis* included the requirement that Petitioner file a response to "specifically state if [he] has filed a grievance with the MDOC Administrative Remedy Program regarding the complained of prison disciplinary action and loss of earned time, and if so, state the date of filing . . . and the results of the filing." Order [4] at 2. In his Response, Simpson states that "on or about 2003," he filed a grievance with MDOC but failed to receive a response. Resp. [5] at 2.

An inmate may file, via MDOC's Administrative Remedy Program, an appeal of any punishment imposed for an RVR "within thirty (30) calendar days after he is notified of the results of his rule violation." *See* MDOC Inmate Handbook, Ch. XI., available at http://www.mdoc.state.ms.us. Furthermore, "no more than ninety (90) days shall elapse from beginning the process to ending the process." *Id.* at Ch. VIII. The program provides for extensions of time, which if granted, may not exceed twenty-five days.[2] Assuming *arguendo*, that Simpson filed a timely appeal of his RVR, meaning his grievance was filed with prison officials on or before January 4, 2003, and the maximum amount of extensions were granted, the process would have been completed 115 days later. If the Court allows for a 115 day tolling period, this petition filed in April of 2013 is untimely.

---

[2] The ninety-day time limit for completion of the process and twenty-five day limit on extensions has existed since the original court approval of the Administrative Remedy Program, *see Gates v. Collier*, No. 4:71cv6-S-D , Order at 12, ECF No. 25 (N.D. Miss. Feb. 15, 1994), and both time limits continue to exist today, even after the most recent amendments to the program. *See Gates v. Barbour*, No. 4:71cv6-JAD, Agreed Order to Amend Administrative Remedy Program, Ex. A at 5, ECF No. 1242-1 (N.D. Miss. Aug. 19, 2010).

In addition to statutory tolling, the one-year limitations period can be equitably tolled in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). As stated above, Simpson was given notice of the limitation period applicable to this case and provided an opportunity to explain why this petition is not time-barred. In his Response [7], Simpson reasserts arguments presented in his previous filings and states that if the earned time he lost as a result of the unconstitutional disciplinary process was restored, he would be immediately released from incarceration, therefore his current imprisonment is illegal which should "excuse the time bar." Resp. [7] at 2.

"To be entitled to equitable tolling, a petitioner has the burden of showing (1) that he ha[d] been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Clarke v. Rader*, 721 F.3d 339, 344 (5th Cir. 2013)(internal quotation marks and citations omitted); s*ee also Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)(finding equitable tolling was not warranted based on petitioner's *pro se* status, incarceration, or lack of notice). The Court finds that Simpson has failed to meet this burden and equitable tolling is not warranted in this case.

The Court notes that prior to filing this habeas petition, on June 25, 2010, Simpson filed a civil rights complaint pursuant to 42 U.S.C. § 1983, claiming constitutional violations in relation to this 2002 RVR and disciplinary hearing. *See Simpson v. Berry*, No. 4:10-cv-112, 2013 WL 1129204 (S.D. Miss. Mar. 18, 2013). Simpson sought monetary damages and restoration of his lost earned time. The Magistrate judge held a hearing and ultimately recommended that summary judgment for the Defendants be granted because the case was barred by the statute of limitations. The Court stated that Simpson "admitted he signed his RVR on December 4, 2002, but he asserted that he did not read it" and that he "testified the first notice he was given of the loss of all of his good time was . . . in May 2004." *Simpson v. Berry*, No. 4:10-cv-112, 2013 WL 1136349, at *1 (S. D. Miss. Feb. 19, 2013). The Court found the action was filed well after the expiration of the statute of limitations for a § 1983 action, even if calculated from a May 2004 accrual date. The Magistrate Judge also found that Simpson's request for restoration of his lost earned time was not cognizable under § 1983. The Magistrate's Report and Recommendation

4

was adopted and Simpson's § 1983 case was dismissed with prejudice on March 18, 2013.

If the Court were to be as equally generous in this habeas petition and allow a May 2004 accrual date, meaning Simpson would have to successfully argue that "the factual predicate of the claim" was not discoverable until May 2004, the one-year period would have expired in 2005, well before Simpson filed this habeas petition.  Likewise, even if the Court were to allow the June 25, 2010 filing date of the § 1983 complaint to apply to this habeas case, the limitation period would have expired well before Simpson filed his petition.  As explained above, even under the most liberal of calculations possible, the instant habeas petition filed in April of  2013, is untimely.

## III.  Conclusion

The Court concludes that the disciplinary hearing challenged in this § 2254 habeas petition was held on December 4, 2002, therefore Simpson had one year from the date of his hearing, or until December 4, 2003, in which to file for federal habeas relief.  Application of a tolling period for a purported prison grievance and liberal calculations for a begin date and filing date do not render this petition timely filed.  Equitable tolling is not warranted.  As such, Simpson's petition for writ of habeas corpus is time-barred and will be dismissed with prejudice.

A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

SO ORDERED AND ADJUDGED this the 25th day of November, 2013.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE